late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

FA HANG SUN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–3245–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Liu Yu, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney; Karin B. Hoppman, Judy K. Hunt, Assistant United States Attorneys, Tampa, FL, for Respondent.

Present: DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN, PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Petitioner Fa Hang Sun, a native and citizen of the People's Republic of China, seeks review of a June 3, 2004 order of the BIA affirming the March 12, 2003 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Fa Hang Sun*, No. A 78

865 577 (B.I.A. June 3, 2004), *aff'g* No. A 78 865 577 (Immig. Ct. N.Y. City March 12, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

As a preliminary matter, in light of Sun's failure to challenge the IJ's denial of his applications for withholding of removal and CAT claim in his petition before this Court, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

In addition, the IJ's adverse credibility determination was supported by significant omissions and discrepancies that were material to Sun's claim, including internal inconsistencies in his testimony, and be-

tween his application and testimony. For example, the IJ accurately observed that Sun's aunt did not mention in her letter that she practiced Falun Gong at Sun's home and encouraged him to promote it, and reasonably rejected Sun's explanation for the omission—that the letter was not intended to address her practice or promotion of Falun Gong—when it was otherwise unclear why the authorities wanted to arrest Sun, and the explanation did not compel the IJ to credit it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Additionally, Sun's argument that the IJ was required to give him an opportunity to explain a discrepancy regarding why the public security bureau investigate him, is unavailing. While the agency may not rest an adverse credibility finding on a non-dramatic inconsistency without first giving the applicant a chance to reconcile the testimony, *see Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006), this discrepancy was "self evident." *Xian Tuan Ye v. DHS,* 446 F.3d 289, 295–96 (2d Cir.2006) (holding that an applicant's failure to include any reference to his alleged detention and beating in his I–589 form is a "self evident" inconsistency that the agency may rely on without first soliciting an explanation). When Sun explicitly denied knowing how the public security came to learn of his Falun Gong-related activities, he clearly contradicted his I–589 statement, which indicated that he possessed knowledge of having been on a list of persons under investigation.

The record reveals that the IJ also accurately noted that Sun omitted from his testimony any mention of his parents' three day detention. While Sun argues in his brief to this Court that nothing in the record shows that he knew or should have known about this event, he testified that he spoke with his mother on average "like every 10 days." The IJ appropriately did

not credit Sun's explanation that his mother never mentioned this incident during any of their conversations. *See Majidi*, 430 F.3d at 80–81.

Furthermore, the record supports the IJ's finding that Sun's testimony regarding when he went to his aunt's home and when he fled China was inconsistent with his aunt's account of this chronology of these events. The aunt's version of these events, indicating that she remained at Sun's house before his departure, was markedly different than Sun's testimony. This inconsistency is material to Sun's claim and serves to undermine his credibility. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). Similarly, the internal consistency between Sun's testimony on direct examination that his parents had not had problems since his departure from China, and his testimony on cross examination that the authorities continue to go to his home, supports the IJ's adverse credibility ruling. *Id.*

Finally, the IJ's adverse credibility determination is also supported by her finding that Sun's failure to provide corroboration in the form of statements from either of his parents or the summons "cast[ ] aspersion on his claim," where such an absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen*, 434 F.3d at 164. Further, the IJ was not required to show that this evidence was reasonably available to the applicant before relying on this lack of corroboration to support her adverse credibility finding. *Id.* (holding that these steps are not required when the applicant is not otherwise credible).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).